IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CR-4-FL

| | |
|---|---|
| JOSEPH PLUMMER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motion to reduce sentence (DE 49), pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The court held this matter in abeyance pending decision in Miller v. United States, 735 F.3d 141 (4th Cir. 2013), and then directed supplemental briefing, which has been received. In this posture, the matter is ripe for ruling. For the reasons stated below, the motion is subject to recharacterization as an untimely petition under 28 U.S.C. § 2255.

**BACKGROUND**

Petitioner pleaded guilty to possession with intent to distribute more than five (5) grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) (count one), and possession of a firearm and ammunition in furtherance of a drug trafficking crime (count two). On June 21, 2007, petitioner was sentenced to a term of 168 months imprisonment, comprising 108 months on count one and 60 months on count two, running consecutively. Petitioner appealed and the appellate court affirmed the judgment in part and dismissed the appeal in part, on the basis of a waiver in petitioner's plea agreement. Petitioner's sentence on count one subsequently was reduced to 60 months imprisonment. Meanwhile, on August 15, 2012, petitioner filed the instant motion seeking to reduce

his sentence based upon Simmons and additional errors in calculation of his guidelines range. The government contends that petitioner's motion should be construed as arising under 28 U.S.C. § 2255, and that it should be dismissed as untimely, among other grounds.

## DISCUSSION

A. § 2255 Recharacterization

Given the nature of the relief sought and the basis for the relief, the document filed by movant properly should be considered as seeking relief under 28 U.S.C. § 2255, pertaining to motions to vacate, set aside or correct a sentence of conviction.

Pursuant to Castro v. United States, 540 U.S. 375 (2003), the court hereby provides movant with notice of the § 2255 restrictions on second or successive motions, the one year period of limitations, and the four dates in § 2255 to be used in determining the starting date for the limitations period. See 28 U.S.C. § 2255. The court DIRECTS movant to file a response to this order within twenty-one (21) days from the date of this order. The court advises movant that if, within the time set by the court, movant agrees to have his document considered as a § 2255 motion, the court shall consider the motion as one under § 2255 and shall consider it filed as of the date the original motion was filed. If, however, movant fails to respond to this order, the court will not treat his filing as a § 2255 motion but will treat it in the form presented.

Where the motion filed does not substantially follow the form appended to the Rules Governing § 2255 Proceedings and is therefore not in compliance with Rule 2(c) of the Rules Governing § 2255 Proceedings and Local Civil Rule 81.2 of this court, the Clerk is DIRECTED to send a copy of the appropriate form to petitioner. If movant requests that the court consider his document a § 2255 motion, movant must complete the § 2255 form in its entirety, sign it under penalty of perjury (or a person authorized by petitioner, such as an attorney, may sign it) and file the

2

original with the Clerk of this court. Petitioner is DIRECTED to return the form, in accordance with these instructions, within fourteen (21) days from the filing of this order. Failure to do so may result in the dismissal of this action or the striking of the motion. Send the original of the corrected § 2255 form to:

> Clerk of Court
> United States District Court, E.D.N.C.
> ATTN: Prisoner Litigation Division
> P.O. Box 25670
> Raleigh, NC 27611

With respect to whether recharacterization is warranted under the circumstances here, based upon the relief sought, the court forecasts that if construed as a § 2255 motion, the court would be required under applicable law to dismiss the petition as untimely, for the reasons stated in subsection B., below. In addition, the court lacks authority to grant relief on the motion as filed, and absent any response to this order the motion thus will be dismissed on that basis.

B. Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of –

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1–4).

Petitioner's motion is untimely under each prong of § 2255(f). It was filed more than one year after the judgment became final. There is no alleged impediment to making the motion created by governmental action. The Supreme Court has not recognized a new rule of substantive law retroactively applicable to cases on collateral review on the basis asserted here. And, no new facts supporting the claims have been discovered. Miller does not change the conclusion that petitioner's motion is untimely. See Miller, 735 F.3d at 143 (noting that government waived statute of limitations "which would normally bar Miller's motion as untimely"); United States v. Powell, 691 F.3d 554, 560 (4th Cir. 2012) (dismissing § 2255 Simmons motion as untimely).

Petitioner suggests, nonetheless, that equitable tolling is warranted. An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir.2002). A petitioner is "only entitled to equitable tolling if he presents . . . extraordinary circumstances" preventing him from timely filing. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Holland v. Florida, 130 S.Ct. 2549, 2562 (2010). Petitioner suggests that equitable tolling should apply because Miller announced a new rule of substantive law that is retroactively applicable on collateral review. He suggests it is wholly arbitrary and a miscarriage of justice to treat his Simmons claim as untimely.

Accepting petitioner's suggestion, however, would render the limitations rule in (f)(3), and the court's ruling in Powell, meaningless. In addition, no miscarriage of justice has occurred where the sentence imposed in this case was not greater than the statutory maximum applicable to the offense absent alleged improper sentencing enhancements. See Powell, 691 F.3d at 563 n. 2 (King, J. dissenting in part and concurring in the judgment in part). While petitioner contends that he was actually innocent of the firearms offense that was dismissed as part of the plea agreement, he does

4

not contend, nor does the record support, a claim of actual innocence on the claims for which he was convicted.

Moreover, although an alleged improper sentencing enhancement may be cognizable as a "miscarriage of justice" if the defendant can show "actual innocence" by clear and convincing evidence, see United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999), such a claim is cognizable "only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010). Petitioner does not contend in this case that he is factually innocent of the predicate crimes used to determine his sentencing enhancements, but rather that the court improperly classified the crimes as predicates for the enhancements.

Accordingly, if the court construes petitioner's motion as a one arising under § 2255, the court will be compelled to dismiss petitioner's motion as untimely.

## CONCLUSION

For the foregoing reasons, the court DIRECTS movant to file a response to this order within twenty-one (21) days from the date of this order. The Clerk is DIRECTED to send a copy of the appropriate form to petitioner. If petitioner opts to do so in light of the foregoing, petitioner is DIRECTED to return the form, in accordance with these instructions, within twenty-one (21) days from the filing of this order.

SO ORDERED, this 6th day of February, 2014.

LOUISE W. FLANAGAN
United States District Judge