IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CR-4-FL
No. 5:14-CV-119-FL

| | | |
|---|---|---|
| JOSEPH PLUMMER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion to vacate under 28 U.S.C. § 2255 (DE 68), following the court's order regarding recharacterization of petitioner's motion reduce sentence (DE 49), pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). In this posture, the matter is ripe for ruling. For the reasons stated below, petitioner's motion to reduce sentence (DE 49), recharacterized as a motion to vacate under 28 U.S.C. § 2255 (DE 68), will be dismissed as untimely.

**BACKGROUND**

Petitioner pleaded guilty to possession with intent to distribute more than five (5) grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) (count one), and possession of a firearm and ammunition in furtherance of a drug trafficking crime (count two). On June 21, 2007, petitioner was sentenced to a term of 168 months imprisonment, comprising 108 months on count one and 60 months on count two, running consecutively. Petitioner appealed and the appellate court affirmed the judgment in part and dismissed the appeal in part, on the basis of a waiver in petitioner's plea agreement. Petitioner's sentence on count one subsequently was reduced to 60 months imprisonment. Meanwhile, on August 15, 2012, petitioner filed the instant motion seeking to reduce

his sentence based upon <u>Simmons</u> and additional errors in calculation of his guidelines range. The

government contended in response that petitioner's motion should be construed as arising under 28

U.S.C. § 2255, and that it should be dismissed as untimely, among other grounds. By order entered

February 6, 2007, the court notified petitioner that his motion to reduce sentence was subject to

recharacterization as a motion to vacate under 28 U.S.C. § 2255, and the court allowed petitioner

to file such motion on correct form. The court also notified petitioner that any recharacterized §

2255 motion would be dismissed as untimely for the reasons set forth in the court's order.

Petitioner filed the instant motion to vacate on March 3, 2014, now asserting claims based

upon ineffective assistance of counsel on the basis of errors in his sentencing calculation.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject

to a one-year statute of limitations, which runs from the latest of –

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1–4).

Petitioner's motion is untimely under each prong of § 2255(f). As to the first prong,

petitioner's original motion was filed August 15, 2012, well over one year after the original

judgment became final. Petitioner now suggests that he has timely raised his ineffective assistance

2

of counsel claims because his conviction did not become final until July 22, 2013, upon the court's

order granting reduction in sentence due to retroactive amendments to the sentencing guidelines.

But, an order granting such motion does not alter the finality of the original judgment following

affirmance of petitioner's conviction on appeal in 2008. See 18 U.S.C. § 3582(b) (modification

under § 3582(c) does not alter finality of original judgment); United States v. Sanders, 247 F.3d 139,

143 (4th Cir. 2001).

With respect to the second prong, there is no alleged impediment to making the motion

created by governmental action.  With respect to the third prong, the Supreme Court has not

recognized a new rule of substantive law retroactively applicable to cases on collateral review on

the basis asserted here, including the newly-asserted grounds of ineffective assistance of counsel.

And, with respect to the fourth prong, no new facts supporting the claims have been discovered.

Miller does not change the conclusion that petitioner's motion is untimely. See Miller, 735 F.3d at

143 (noting that government waived statute of limitations "which would normally bar Miller's

motion as untimely"); United States v. Powell, 691 F.3d 554, 560 (4th Cir. 2012) (dismissing § 2255

Simmons motion as untimely).

Petitioner suggests, nonetheless, that equitable tolling is warranted.  An otherwise

time-barred petitioner is entitled to equitable tolling in "those rare instances where—due to

circumstances external to the party's own conduct—it would be unconscionable to enforce the

limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir.2002).  A petitioner is

"only entitled to equitable tolling if he presents . . . extraordinary circumstances" preventing him

from timely filing.  Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Holland v. Florida, 130 S.Ct.

2549, 2562 (2010).  Petitioner suggests that equitable tolling should apply because Miller

announced a new rule of substantive law that is retroactively applicable on collateral review.  He

suggests it is wholly arbitrary and a miscarriage of justice to treat his <u>Simmons</u> claim as untimely.

Accepting petitioner's suggestion, however, would render the limitations rule in (f)(3), and the court's ruling in <u>Powell</u>, meaningless. In addition, no miscarriage of justice has occurred where the sentence imposed in this case was not greater than the statutory maximum applicable to the offense absent alleged improper sentencing enhancements. <u>See</u> <u>Powell</u>, 691 F.3d at 563 n. 2 (King, J. dissenting in part and concurring in the judgment in part). While petitioner contends that he was actually innocent of the firearms offense that was dismissed as part of the plea agreement, he does not contend, nor does the record support, a claim of actual innocence on the claims for which he was convicted.

Moreover, although an alleged improper sentencing enhancement may be cognizable as a "miscarriage of justice" if the defendant can show "actual innocence" by clear and convincing evidence, <u>see</u> <u>United States v. Mikalajunas</u>, 186 F.3d 490, 493 (4th Cir. 1999), such a claim is cognizable "only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." <u>United States v. Pettiford</u>, 612 F.3d 270, 284 (4th Cir. 2010). Petitioner does not contend in this case that he is factually innocent of the predicate crimes used to determine his sentencing enhancements, but rather that the court improperly classified the crimes as predicates for the enhancements.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. <u>Miller–El v. Cockrell</u>, 537 U.S. 322, 336–38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000). Applying the applicable standard, the court determines that a certificate of appealability is not warranted under the circumstances of this case.

## CONCLUSION

For the foregoing reasons, petitioner's motion to reduce sentence (DE 49) recharacterized

as a motion to vacate (DE 68) is DISMISSED.  A certificate of appealability is DENIED.  The clerk

is DIRECTED to close this case.

SO ORDERED, this 5th day of March, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge